WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kathryn Marie Nelson,

Plaintiff,

v.

Capital One Financial Corporation, *et al.*,

Defendants.

No. CV-17-02636-PHX-JJT

**ORDER**

At issue are Defendant Capital One Financial Corporation's Motion for Summary Judgment (Doc. 56); *pro se* Plaintiff Kathryn Marie Nelson's Seventh Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment (Doc. 67); and Plaintiff's Motion to Allow Non-Electronic Filing of Pictures and Audio Recordings (Doc. 66).

Defendant timely filed a Motion for Summary Judgment on January 25, 2019. (Doc. 56.) Plaintiff filed three prior Motions to Extend Time to Respond to Defendant's Motion for Summary Judgment, and the Court granted all of them, ultimately extending the Response deadline to April 29, 2019—more than three months after Defendant filed its Motion for Summary Judgment. (Docs. 58, 59, 60, 61, 63, 65.) Taking into consideration Defendant's objections (Doc. 64) to Plaintiff's repeated requests for an extension to the Response deadline on tenuous grounds, in its latest Order, the Court stated that no further extensions to the Response deadline would be granted. (Doc. 65.)

On April 8, 2019, Plaintiff also filed a Motion to Exceed Page Limit for Her Response to Defendant's Motion for Summary Judgment, asking for the Court's leave to

file a 57-page Response. (Doc. 62.) Defendant's Motion contained only 17 pages—within the Court's page limit, *see* LRCiv 7.2(e)—and the present case is not complex. However, considering Plaintiff is proceeding *pro se*, the Court granted Plaintiff leave to exceed the page limit by ten pages, for a brief of 27 pages in length.

Now, on the thrice-extended deadline for filing her Response to Defendant's Motion for Summary Judgment, Plaintiff has filed another Motion to Extend Time to Respond (Doc. 67). As the Court explicitly warned Plaintiff (Doc. 65), the Court will not grant another extension of time, particularly where the reasons are as tenuous now as they have been in Plaintiff's prior motions. At some point—and that point has already passed—Plaintiff's substantial delay in meeting her obligations in this case results in a waste of judicial resources and prejudice to Defendant, the moving party here. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming dismissal of a case for the plaintiff's lack of prosecution).

This is not solely a question of Plaintiff's failure to prosecute her case, but also her failure to timely respond to a dispositive motion. Local Rule 7.2(i) provides that a party's failure to timely file a responsive brief "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." At the Rule 16 Scheduling Conference and in prior Orders, the Court has repeatedly warned Plaintiff of her obligations to timely respond to motions and comply with all applicable Rules and Court Orders and that the consequences of failing to respond to a dispositive motion include the granting of the motion and dismissal of the case. Moreover, the Court granted three requests by Plaintiff to extend the Response deadline even though they were all on weak grounds, including that Plaintiff did not see Defendant's Motion for Summary Judgment until it was filed—which is always the case—and that this case is particularly complex—which is not true. (*See, e.g.*, Doc. 58 at 2.)

On the deadline to file a Response, Plaintiff filed an "incomplete" Response. (Doc. 68.) The document is 38 pages in length, far exceeding the page limit set by the Court, and even so contains no citation to the evidence as required by Federal Rule of Civil

Procedure 56(c)(1)(A). The Court must strike the "incomplete" Response both for violating the Court-ordered page limit and for failing to comply with Rule 56.

Plaintiff's *pro se* status does not provide an excuse for her failure to comply with Scheduling Order deadlines and Court rules. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (noting that *pro se* litigants are not excused from following court rules); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (same). Three months have passed since Defendant filed a Motion for Summary Judgment and, after repeated extensions to the deadline, Plaintiff has failed to timely file a Response that is even close to complying with the applicable requirements. Because the Court warned Plaintiff of the consequences of failing to timely file responsive briefs in this matter and warned Plaintiff that it would not grant any further extensions for the tenuous reasons Plaintiff has presented, the Court will now grant Defendant summary disposition of its Motion for Summary Judgment under Local Rule 7.2(i). *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (*per curiam*) (concluding that the *pro se* plaintiff's failure to timely respond to the defendant's motion for summary judgment when the court had warned plaintiff of the consequence of a failure to respond warranted granting the motion for summary judgment in the defendant's favor under the applicable Local Rule).

IT IS THEREFORE ORDERED striking Plaintiff's "incomplete" Response to Motion for Summary Judgment (Doc. 68).

IT IS FURTHER ORDERED granting Defendant's Motion for Summary Judgment (Doc. 56).

IT IS FURTHER ORDERED denying Plaintiff's Seventh Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment (Doc. 67).

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Allow Non-Electronic Filing of Pictures and Audio Recordings (Doc. 66).

. . . .

. . . .

. . . .

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment in Defendant's favor and close this case.

Dated this 1st day of May, 2019.

Honorable John J. Tuchi
United States District Judge